UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>26-mj-8165-WM</u>

IN RE COMPLAINT

_____/

FILED BY____SW____D.C.

Mar 5, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:   *Nadya Z. Cheatham*
Nadya Z. Cheatham
Assistant United States Attorney
Court ID No. A5503245
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Telephone: (561) 209-1005
Mobile: (954) 495-5081
E-mail: Nadya.Cheatham@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>**KENNETH BERNARD MOBLEY,**<br><br>_Defendant(s)_ | )<br>)<br>) Case No. 26-mj-8165-WM<br>)<br>)<br>) |

**CRIMINAL COMPLAINT**

FILED BY _____SW_____ D.C.
**Mar 5, 2026**
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 22, 2025__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) and 924(e) | Felon in Possession of a Firearm (Armed Career Criminal) |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Kevin Drummond, ATF Task Force Officer
_Printed name and title_

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date: __March 5, 2026__

_____
_Judge's signature_

City and state: __West Palm Beach, FL__     William Matthewman, Chief U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Kevin W. Drummond, being first duly sworn, does hereby depose and state as follows:

## INTRODUCTION

1. Your affiant submits this affidavit in support of a criminal complaint charging **Kenneth Bernard MOBLEY** (hereinafter "MOBLEY"), with one (1) count of Felon in Possession of a Firearm and ammunition, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e) (Armed Career Criminal).

2. Your affiant, Kevin W. Drummond, is a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and has served in that capacity since November 2017. Your affiant is also a duly sworn Deputy Sheriff in and for Palm Beach County, Florida. In total, your affiant has approximately 22 years of law enforcement experience. As a Task Force Officer with ATF, your affiant's duties and responsibilities include conducting criminal investigations of individuals that have violated federal laws, particularly laws contained in Titles 18 and 26, of the United States Code.

3. The facts contained in this Affidavit come from my personal knowledge, training, and experience, as well as information obtained during my investigation from other members of law enforcement, witnesses, and the victims affected by these criminal violations. Because this affidavit is submitted for the limited purpose of obtaining a criminal complaint, it does not contain all the facts known to me about the investigation, but rather, those facts that I submit establish probable cause of the offenses listed herein.

## PROBABLE CAUSE

4. In December 2025, your affiant was made aware of an investigation involving MOBLEY, a black male in possession of a firearm as a convicted felon. Your affiant was provided

1

with information related to this investigation by Deputy Sheriff ("D/S") Garcia of the Palm Beach County Sheriff's Office ("PBSO"). D/S Garcia advised the incident occurred on or about December 22, 2025 in the area of 383 Seminole Drive, Lake Worth, Florida 33462, which is located in the Southern District of Florida. D/S Garcia additionally advised this incident was documented under PBSO case number 25-128367 and captured on Body Worn Camera.

5. On December 22, 2025 at approximately 7:03 pm, PBSO road patrol deputies ("deputies") responded to the 200 block of Seminole Drive in response to a call from a resident concerning a suspicious person in the neighborhood. The caller advised that a black male wearing a red shirt and black shorts was observed pacing back and forth in the neighborhood, appearing nervous and reaching for his waistband.

6. Upon arriving on scene, deputies made contact with an individual matching that exact description just south of the original location provided by the caller. The individual was identified as MOBLEY. MOBLEY indicated he was on his way to the store when a vehicle rode pass with people inside the vehicle waving guns. MOBLEY then made his way to the neighborhood, where he eventually encountered deputies.

7. While deputies were on scene with MOBLEY, the caller made a second call and advised that a family member observed MOBLEY on the homeowner's surveillance camera footage discard what appeared to be a firearm as the deputies were arriving on scene. D/S Garcia responded back to the initial location where the item was discarded and discovered a black pistol laying on the ground. D/S Garcia placed on a fresh pair of gloves and recovered the firearm and placed it into an unused box. D/S Garcia made the firearm safe and in doing so discovered there was a round in the chamber of the firearm.

8. Your affiant also viewed the deputies' Body Worn Camera footage. MOBLEY is observed walking behind a black truck and appearing to throw an item to the ground. MOBLEY is also observed coming from the initial location where the firearm was discarded right before deputies arrive on scene.

9. Deputies conducted a post-Miranda interview of MOBLEY during which MOBLEY advised he had no knowledge of the firearm and advised that his DNA would not be on the firearm. During this interview, MOBLEY was asked if he would provide consensual DNA for comparison to the firearm. MOBLEY did consent to providing his DNA to deputies. D/S Garcia collected MOBLEY's DNA from his cheek and gum area using a buccal swab. MOBLEY also signed a DNA consent form provided to him by D/S Garcia. MOBLEY was released from the scene.

10. With the above information, your affiant requested a DNA analysis be conducted comparing the DNA from the firearm to MOBLEY's DNA standard collected by D/S Garcia. This request was made on December 23, 2025. The DNA was taken to DNA Labs International for the comparison to be completed.

11. On or about February 10, 2026, your affiant received the DNA report related to the comparison. The following are the results for the comparison:

    a. **Swabs from trigger/interior guard**

The DNA profile obtained from this item indicates a mixture of at least three individuals with at least one male contributor. This DNA profile was interpreted as four contributors. MOBLEY could not be ruled out as a possible contributor to this mixed DNA profile.

The DNA profile obtained from this item is approximately 7.6 billion times more likely if the sample originated from MOBLEY and three unknown persons than if it originated from four unknown persons. This analysis provides very strong support for the proposition that MOBLEY is a contributor to the DNA profile obtained from the sample.

b. **Swabs from body/frame and Swabs from grips**

No blood was indicated on the swabs from body/frame. These swabs were combined into a single sample for DNA analysis (DLI sample 26-1087_1.2A). The DNA profile obtained from this sample indicates one male contributor. MOBLEY cannot be excluded as a contributor to this DNA profile. The chance that an unrelated person, chosen at random from the general population, would be included as a contributor to this DNA profile is approximately 1 in every 110 decillion individuals.

c. **Swabs from magazine**

The DNA profile obtained from this item indicates a mixture of at least two individuals with at least one male contributor. MOBLEY could not be ruled out as a possible contributor to this mixed DNA profile.

The DNA profile obtained from this item is approximately 430 quadrillion times more likely if the sample originated from MOBLEY and one unknown person than if it originated from two unknown persons. This analysis provides very strong support for the proposition that Kenneth Mobley is a contributor to the DNA profile obtained from the sample.

12. As part of this investigation, an ATF Special Agent trained in Firearms Interstate Nexus examined the firearm. The Special Agent identified the firearm as a Taurus G2C semi-auto pistol. The Special Agent also determined that the firearm and ammunition were manufactured outside the State of Florida and therefore traveled in and affected interstate or foreign commerce.

13. Palm Beach County Circuit Court of the Fifteenth Judicial Circuit records establish that at all times material hereto, that is, prior to December 22, 2025, MOBLEY is prohibited from possessing a firearm as MOBLEY was convicted of the following offenses that are punishable by more than one year in prison under Florida law **(18 U.S.C. § 924(e) predicate offenses are rendered in bold font):**

   a. On or about January 8, 2002, MOBLEY was convicted in Case No., 502000CF011826AXXXMB of Burglary of a structure, in violation of Florida State Statute 810.02(1), a second-degree felony. MOBLEY received a sentence that included more than two years of incarceration;

   b. On or about April 1, 2003, MOBLEY was convicted in Case No. 502002CF006577AXXXMB, for the offense of Grand Theft (Motor Vehicle), a third-degree felony. MOBLEY received a sentence that included more than two years of incarceration;

   c. On or about April 1, 2003, MOBLEY was convicted in Case No. 502002CF008529AXXXMB, for the offense of Attempted Robbery, a second-degree felony. MOBLEY received a sentence that included more than two years of incarceration;

   d. On or about May 22, 2008, MOBLEY was convicted in Case No. 502008CF001793AXXXMB, for the offense of Possession of cocaine, a third-degree felony;

   e. On or about April 16, 2009, MOBLEY was convicted in Case No. 502008CF012026CXXXMB, for the offense of Battery in a county jail or detention facility, a third-degree felony;

f. On or about June 3, 2015, defendant MOBLEY was convicted in Case No. 502014CF003233AXXXMB, for the offense of Possession of a schedule 1 substance, a third-degree felony. MOBLEY received a sentence that included more than two years of incarceration;

g. On or about June 3, 2015, defendant MOBLEY was convicted in Case No. 502014CF003670AXXXMB, for the offense of Possession of cocaine, a third-degree felony. MOBLEY received a sentence that included more than two years of incarceration;

h. On or about June 3, 2015, defendant MOBLEY was convicted in **Case No. 502014CF007146AXXXMB, for the offense of Sale of a Schedule II substance, a second-degree felony. MOBLEY received a sentence that included more than two years of incarceration;**

i. On or about June 3, 2015, defendant MOBLEY was convicted in **Case No. 502014CF008066AXXXMB, for the offenses of Possession of Heroin with intent to sell, a second-degree felony, and Possession of a schedule IV substance, a second-degree felony. MOBLEY received a sentence that included more than two years of incarceration;**

j. On or about June 3, 2015, defendant MOBLEY was convicted in Case No. 502015CF005034AXXXMB, for the offense of Failure of Career Criminal to Properly Register, a third-degree felony. MOBLEY received a sentence that included more than two years of incarceration;

k. On or about November 1, 2023, defendant MOBLEY was convicted in **Case No. 502022CF009587AXXXMB, for the offense of First Degree Arson (Dwelling),**

6

a first-degree felony. MOBLEY received a sentence that included at least one year of incarceration.

## CONCLUSION

WHEREFORE, on the basis of the facts and circumstances set forth above, your affiant respectfully submits that probable cause exists to charge **KENNETH BERNARD MOBLEY**, with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(Armed Career Criminal).

FURTHER YOUR AFFIANT SAITH NAUGHT

_____
Kevin W. Drummond,
Task Force Officer, ATF

Sworn to and subscribed before me this
5th day of March 2026, by Telephone
(Facetime) per Fed. R. Crim. P.4(d) and 4.1

_____
HON. WILLIAM MATTHEWMAN
CHIEF UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: KENNETH BERNARD MOBLEY

**Case No**: 26-mj-8165-WM

Count #: 1

Felon in Possession of a Firearm

Title 18, United States Code, Section 922(g)(1) and 924(e)
* **Max. Term of Imprisonment:** Life imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** 15 years
* **Max. Supervised Release:** 5 years
* **Max. Fine:** up to $250,000 and a mandatory $100 special assessment upon conviction

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.